EILEEN T. GALLAGHER, P.J.:
{¶ 1} Defendant-appellant, Andre Jackson, appeals the denial of his motion for a new mitigation trial. He claims the following two errors:
1. The trial court erred when it denied Jackson's motion for leave to file his motion for a new mitigation trial.
2. Ohio's capital punishment scheme, R.C. 2929.03 and R.C. 2929.05, and the procedures set forth therein, deprive a defendant of his Sixth Amendment right to a jury trial.
{¶ 2} We find no merit to the appeal and affirm the trial court's judgment.
I. Facts and Procedural History
{¶ 3} In June 1987, 74-year old Emily Zak was found dead with her head stuffed in a toilet at the Washboard Laundromat in Euclid, Ohio. Jackson was subsequently charged with one count of aggravated murder, *474 one count of aggravated robbery, and a capital specification alleging that Jackson murdered Zak during the course of an aggravated robbery. Evidence presented at a jury trial showed that Jackson fractured Zak's skull and broke Zak's neck over the rim of the toilet bowl by stomping on it with his foot. There was also evidence that Jackson stole the cash register from the laundromat along with its keys, which Zak kept pinned to her smock. The jury found Jackson guilty of aggravated murder, aggravated robbery, and the capital specification.
{¶ 4} The jury unanimously recommended the death penalty following the mitigation phase of trial. The trial court agreed with the jury's recommendation and sentenced Jackson to death in 1988. Jackson's convictions and death sentence were affirmed on appeal. State v. Jackson , 8th Dist. Cuyahoga No. 55758, 1989 WL 117434 (Oct. 5, 1989) ; State v. Jackson , 57 Ohio St.3d 29, 565 N.E.2d 549 (1991).
{¶ 5} In January 2017, Jackson filed a motion for leave to file a motion for a new mitigation trial, arguing that Ohio's death penalty statute, R.C. 2929.03, is unconstitutional as explained in the United States Supreme Court's recent decision in Hurst v. Florida , 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). The trial court denied the motion without a hearing. Jackson now appeals the trial court's judgment.
II. Law and Analysis
{¶ 6} In the first assignment of error, Jackson argues the trial court erred in denying his motion for leave to file a motion for a new mitigation trial.
{¶ 7} We review a judgment denying a motion for leave to file a delayed motion for new trial for an abuse of discretion. State v. Washington, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, 2016 WL 4243804, ¶ 16. To constitute an abuse of discretion, the trial court's ruling must be "unreasonable, arbitrary or unconscionable." State ex rel. DiFranco v. S. Euclid , 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13.
{¶ 8} Crim.R. 33 governs motions for new trial and sets forth grounds for securing a new trial. Jackson contends he was entitled to a new mitigation trial due to an "irregularity in the proceedings" ( Crim.R. 33(A)(1) ), insufficient evidence ( Crim.R. 33(A)(4) ), and "an error of law occurring at trial." ( Crim.R. 33(A)(5) ). However, Jackson does not dispute the evidence supporting his convictions and sentence, and the Ohio Supreme Court found sufficient evidence to support Jackson's conviction and sentence on direct appeal. Jackson , 57 Ohio St.3d 29, 565 N.E.2d 549 (1997). Therefore, Jackson failed to establish a right to a new mitigation trial due to insufficient evidence under Crim.R. 33(A)(4).
{¶ 9} Further, Jackson has not expressly identified any irregularities in the proceedings or errors of law occurring at trial apart from a general reference to Hurst , 577 U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504, which involved a Sixth Amendment violation. An alleged Sixth Amendment violation could constitute an "irregularity in the proceedings" or "error in law occurring at trial," depending on the facts and circumstances of the case. Thus, Jackson's claim that he is entitled to a new trial is based on the Sixth Amendment principles described in Hurst.
{¶ 10} In Hurst , the United States Supreme Court held that Florida's death penalty statute violated the defendant's Sixth Amendment right to a jury trial because it required that the judge, rather than the jury, determine the existence of any aggravating circumstances justifying the death penalty. Id. at 624. The Florida *475 law only allowed the jury to make an advisory recommendation, and the judge was free to impose a death sentence even if the jury recommended against it. Id. at 620. And even if the jury recommended a death sentence, the trial court was not permitted to adopt the recommendation until the judge independently found the existence of an aggravating circumstance. Id.
{¶ 11} In finding Florida's death penalty statute unconstitutional, the Hurst court explained that the Sixth Amendment right to a jury trial requires that "any fact that 'expose[s] the defendant to greater punishment than that authorized by the jury's guilty verdict' is an 'element' that must be submitted to the jury." Id. at 621, quoting Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). See also Ring v. Arizona , 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (holding that the Sixth Amendment requires a jury to find any fact necessary to impose a death sentence).
{¶ 12} Jackson's claim that he is entitled to a new mitigation trial due to an irregularity in the proceedings is apparently based on his belief that a judge rather than a jury found there were aggravating circumstances that justified his death sentence. However, Ohio's death penalty statute is, and was at the time of Jackson's trial, much different from the Florida death penalty scheme at issue in Hurst.
{¶ 13} Ohio's death penalty is governed by R.C. 2929.03 and 2929.04. In 1988, when Jackson was sentenced to death, R.C. 2929.04 provided that the "[i]mposition of the death penalty for aggravated murder is precluded unless one or more [aggravating circumstances] is specified in the indictment or count in the indictment pursuant to section 2941 of the Revised Code and proved beyond a reasonable doubt." R.C. 2929.03(B) similarly provided:
(B) If the indictment or count in the indictment charging aggravated murder contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, the verdict shall separately state whether the accused is found guilty or not guilty of the principal charge and, if guilty of the principal charge, * * * and whether the offender is guilty or not guilty of each specification. The jury shall be instructed on its duties in this regard, which shall include an instruction that a specification shall be proved beyond a reasonable doubt in order to support a guilty verdict on the specification, but such instruction shall not mention the penalty which may be the consequence of a guilty or not guilty verdict on any charge or specification.
{¶ 14} In accordance with these provisions, the jury found the existence of aggravating circumstances required for a death sentence when it found Jackson guilty of the death specification beyond a reasonable doubt. The jury's guilty verdict on the death specification created, in a sense, a presumption in favor of the death penalty that Jackson had the opportunity to rebut with evidence of mitigating factors during the mitigation phase of the trial. Regarding mitigation, R.C. 2929.03(D) provided, in relevant part:
The defendant shall have the burden of going forward with the evidence of any factors in mitigation of the imposition of the sentence of death. The prosecution shall have the burden of proving, by proof beyond a reasonable doubt, that the aggravating circumstances the defendant was found guilty of committing are sufficient to outweigh the factors in mitigation of the imposition of the sentence of death.
{¶ 15} Additionally, R.C. 2929.03(D) provided that "the trial jury, if the offender *476 was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case." R.C. 2929.03(D) further provided:
If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.
{¶ 16} Thus, under Ohio's death penalty statute, a defendant is not eligible for the death penalty unless at least one of the aggravating circumstances set forth in R.C. 2929.04(A) is specified in the indictment and that aggravating circumstance is found by the trier of fact beyond a reasonable doubt. State v. Mason , 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400, 2016 WL 7626193, ¶ 22. Unlike the Florida judge in Hurst , Ohio judges are not permitted to consider any evidence that was not presented to the jury. If a defendant is tried by a jury in Ohio, the judge cannot impose a death sentence unless the jury has entered a unanimous verdict for a death sentence. State v. Belton , 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 59. And since "the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence, it is not possible to make a factual finding during the sentencing phase that will expose a defendant to greater punishment." Id. Therefore, there was neither a Sixth Amendment violation nor an irregularity in the proceedings because Ohio's death penalty statute required the jury to unanimously find that the aggravating circumstances necessary for Jackson's death sentence were established beyond a reasonable doubt.
{¶ 17} Jackson nevertheless maintains he is entitled to a new mitigation trial pursuant to Crim.R. 33(A)(5). Crim.R. 33(A)(5) provides that an error of law occurring at trial is a valid basis for granting a new trial. Cases applying that provision typically involve erroneous rulings that occurred while the case was pending in the trial court and do not deal with subsequent changes in the law. State v. Ingram , 10th Dist. Franklin No. 08AP-937, 2009-Ohio-2755, 2009 WL 1653577, ¶ 15, citing State v. Cherukuri , 79 Ohio App.3d 228, 607 N.E.2d 56 (1992) ; State v. Jones , 10th Dist. Franklin No. 08AP-551, 2008-Ohio-6515, 2008 WL 5196516, ¶ 11. Indeed, an error based on changes in the law that occurred after trial could not have occurred during trial. Therefore, Crim.R. 33(A)(5) is inapplicable here.
{¶ 18} There was no Sixth Amendment violation in this case. Jackson has not demonstrated any irregularity or error of law that occurred during the proceedings nor does he dispute the evidence supporting his conviction and sentence. Therefore, Jackson failed to establish any basis for a new trial under Crim.R. 33, and the trial court properly overruled the motion for leave to file a new mitigation trial.
{¶ 19} However, claims based on a newly recognized federal or state right may be made under Ohio's postconviction statute, R.C. 2953.23(A)(1), if the requirements of that statute are met. And, "[c]ourts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."
*477 State v. Schlee , 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing State v. Bush , 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, and State v. Reynolds , 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997).
{¶ 20} The trial court denied Jackson's request for leave to file a motion for a new mitigation trial without opinion. Because a judge is presumed to follow the law, we assume that the trial court considered the merits of a petition for postconviction relief based on Hurst. However, as previously explained, Jackson failed to establish a violation of his Sixth Amendment right to a jury trial as described in Hurst. Therefore, the trial court properly overruled his motion for leave to file a motion for new mitigation trial even if it was viewed as a petition for postconviction relief under R.C. 2953.23(A)(1).
{¶ 21} The first assignment of error is overruled.
{¶ 22} Having determined that Jackson had no basis on which to seek a new mitigation trial under Crim.R. 33, the second assignment of error, which addresses the merits of his motion for a new mitigation trial is moot.
{¶ 23} Judgment affirmed.
MELODY J. STEWART, J., and PATRICIA ANN BLACKMON, J., CONCUR