[Cite as *State v. Williams*, 2018-Ohio-1358.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                           :

    Plaintiff-Appellee,                            :            CASE NO.   CA2017-07-105

    - vs -                                                  :            O P I N I O N
                                                                        4/9/2018
                                                                :

CLIFFORD D. WILLIAMS,                           :

    Defendant-Appellant.                      :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR1990-08-0665


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Richard Cline, Kandra Roberts, Ohio Public Defender's Office, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant


    **RINGLAND, J.**

    **{¶ 1}**   Defendant-appellant, Clifford D. Williams, appeals from the decision of the Butler County Court of Common Pleas that denied his motion for a new mitigation trial.  For the reasons discussed below, this court affirms the lower court's decision.

    **{¶ 2}**   In 1990, Williams robbed and murdered Wayman Hamilton, a cab driver who was transporting him to Hamilton, Ohio.  Three days later, Williams shot Jeff Wallace in the

back of the head after attempting to rob him. Wallace survived. A grand jury indicted Williams on multiple charges, including aggravated murder and three death-penalty specifications for causing Hamilton's death. Williams' charges were tried to a jury in 1991. The jury found Williams guilty of all charges in the indictment, including the death-penalty specifications.

{¶ 3} After the guilt phase, the trial proceeded to the mitigation phase. After hearing the evidence, the court instructed the jurors on their responsibility to recommend either a death sentence or a lesser penalty of life in prison with parole. The court informed the jurors that they must recommend a death sentence if they found, by proof beyond a reasonable doubt, that the aggravating circumstances presented at trial outweighed the mitigating factors. The jury found that the aggravating circumstances outweighed the mitigating factors beyond a reasonable doubt and therefore recommended that the court impose the death penalty. The trial court then independently weighed the aggravating circumstances and mitigating factors, accepted the jury's recommendation, and imposed a sentence of death on the aggravated murder charge and specifications.

{¶ 4} On appeal, this court affirmed Williams' conviction and death sentence. *State v. Williams*, 12th Dist. Butler Nos. CA91-04-060 and CA92-06-110, 1992 Ohio App. LEXIS 5529 (Nov. 2, 1992). In a later appeal as of right, the Ohio Supreme Court affirmed Williams' conviction and death sentence. *State v. Williams*, 73 Ohio St.3d 153 (1995).

{¶ 5} In 2017, Williams moved the trial court for a new mitigation trial. Williams argued that the death sentence violated his constitutional rights in light of *Hurst v. Florida*, 577 U.S. ___, 136 S.Ct. 616 (2016). The trial court denied the motion. Williams appeals, raising a single assignment of error.

{¶ 6} THE TRIAL COURT ERRED WHEN IT DENIED WILLIAMS' MOTION FOR A NEW TRIAL.

{¶ 7} In *Hurst*, the United States Supreme Court held that Florida's capital punishment scheme violated the defendant's Sixth Amendment right to trial by an impartial jury where the law required a judge to engage in an independent weighing of aggravating and mitigating facts as a prerequisite to imposing the death penalty. Williams argues that Ohio's capital punishment laws are similar to those in Florida and violate *Hurst.*

{¶ 8} In reviewing the constitutionality of a statute, there is a general presumption in favor of the validity of legislation. R.C. 1.47(A); *State v. Sinito,* 43 Ohio St.2d 98, 101 (1975). The party challenging the statute bears the burden of proving the constitutional invalidity beyond a reasonable doubt. *State v. Thompkins*, 75 Ohio St.3d 558, 560 (1996). The Sixth Amendment provides: "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury * * *." The right to an impartial jury, in conjunction with the Due Process Clause of the Fifth Amendment, requires each element of a crime to be proved beyond a reasonable doubt. *Alleyne v. United States*, 570 U.S. 99, 104, 133 S.Ct. 2151 (2013). The United States Supreme Court has held that any fact that "expose[s] the defendant to a greater punishment than that authorized by the jury's guilty verdict" is an "element" that must be submitted to a jury. *Apprendi v. New Jersey*, 530 U.S. 466, 494, 120 S.Ct. 2348 (2000).

{¶ 9} The Supreme Court has extended the rule of *Apprendi* to capital punishment. *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428 (2002). In *Ring,* the Court held that an Arizona capital sentencing scheme providing that a defendant could not be sentenced to death unless a judge, independent of the jury, found at least one aggravating circumstance violated *Apprendi*. *Id*. at 592-593. The Court concluded that the required judicial finding of an aggravated circumstance exposed the defendant to greater punishment than authorized by the jury's verdict. *Id*. at 604.

{¶ 10} Similarly, in *Hurst*, the Supreme Court found that Florida's capital punishment

- 3 -

scheme violated *Apprendi* because it required a judge, rather than the jury, to make the "critical findings" necessary to impose the death penalty. *Hurst*, 136 S.Ct. at 622. Under the Florida law, the jury's role in death-penalty sentencing was limited to issuing an "advisory sentence." *Id.* at 620. The judge then engaged in the fact-finding process with respect to aggravating and mitigating facts, could consider evidence not presented to the jury, and then had a choice to either sentence a defendant to life in prison or death, regardless of the sentence recommended by the jury. *Id.* Under the Florida law, the maximum punishment the defendant could have received without any judicial fact-finding was life in prison. *Id.* at 622.

{¶ 11} Ohio's capital punishment scheme at the time of Williams' sentence was set forth in R.C. 2929.03 and 2929.04.[1] The death penalty cannot be imposed for aggravated murder unless a statutory aggravating circumstance is specified in the indictment. R.C. 2929.03(B) and (C)(2); and R.C. 2929.04(A). That aggravated circumstance must then be proved, beyond a reasonable doubt, at trial. *Id.*

{¶ 12} After the conviction, in the penalty phase of the trial, the jury must recommend either the imposition of a death sentence or a lesser penalty. To make that recommendation, the jury must weigh the aggravating circumstances against any mitigating factors introduced by the defendant. R.C. 2929.03(D)(2). If the jury finds, beyond a reasonable doubt, that the aggravating circumstances outweigh the mitigating factors, then the jury must recommend that a death sentence be imposed. If the jury does not find that the aggravating circumstances outweigh the mitigating factors beyond a reasonable doubt, then the jury shall recommend that the offender be sentenced to a life sentence or other lesser penalty. If the

---

1. All references in this opinion are to the versions of R.C. 2929.03 and 2929.04 in effect at the time of Williams' 1991 sentence. However, for purposes of this opinion, there are no substantive changes between the 1991 version of the law and the current version.

jury recommends the lesser penalty, "the court shall impose the sentence recommended by the jury upon the offender." *Id.*

{¶ 13} If the jury recommends the death penalty, then the next step involves the court repeating the analysis undertaken by the jury, i.e., considering whether the aggravating circumstances outweigh the mitigating factors. R.C. 2929.03(D)(3). If the court so finds, by proof beyond a reasonable doubt, then the court must impose the death penalty. If, instead, the court does not find beyond a reasonable doubt that the aggravating circumstances outweigh the mitigating factors, then the court must impose one of the lesser sanctions. *Id.*

{¶ 14} This court concludes that Ohio's capital sentencing laws in effect at the time of Williams' sentencing were not unconstitutional under *Hurst* and that Williams has not met his burden of demonstrating the unconstitutionality of the statutory scheme beyond a reasonable doubt. Under R.C. 2929.03 and 2929.04, Williams became eligible for the death penalty only after the jury engaged in two critical fact-finding steps. During the guilt stage of the trial, the jury found Williams guilty, beyond a reasonable doubt, of both the aggravated murder and the aggravating circumstances specified in the indictment. At the sentencing stage, the jury found, beyond a reasonable doubt, that the aggravating circumstances outweighed the mitigating factors. If the jury had not found Williams guilty of the aggravated murder with specifications, or, had not found that the aggravating circumstances outweighed the mitigating factors, then the court could not have imposed the death penalty. Accordingly, under Ohio's death-penalty law, unlike Florida's law in *Hurst* and Arizona's law in *Ring,* it was not possible for the court to make a factual finding during sentencing that exposed Williams to a greater punishment than that authorized by the jury.

{¶ 15} Williams argues that the jury only serves an advisory role in death-penalty sentencing in Ohio because the law only requires the jury to provide a recommendation to the judge. The jury's role in death-penalty sentencing is not merely advisory. The judge

cannot impose the death penalty unless recommended by the jury. Williams also contends that the law is unconstitutional because it does not require the jury to explain its factual findings with respect to the weighing of aggravating circumstances and mitigating factors. Williams suggests that some form of jury interrogatories might cure this issue. However, juries are commonly asked to deliver general verdicts. This court does not agree that *Hurst* would require jury interrogatories to ensure compliance with the Sixth and Fourteenth Amendments in death-penalty sentencing.

{¶ 16} As of the time of this opinion, the Ohio Supreme Court has not directly addressed the effect of *Hurst* on capital punishment in Ohio. However, the court has strongly implied that *Hurst* is unlikely to have any impact. *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, ¶ 84 (rejecting a defendant's explanation that his Sixth Amendment argument was untimely because *Hurst* had not yet been decided as the defendant "could have made essentially the same Sixth Amendment argument by relying on [*Apprendi*] and [*Ring*]").

{¶ 17} Finally, every Ohio court of appeals that has addressed the effect of *Hurst* on Ohio's capital sentencing scheme as it existed when the court sentenced Williams has concluded that it is constitutional.[2] *State v. Mason*, 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400, ¶ 29, appeal accepted, 149 Ohio St.3d 1462, 2017-Ohio-5699; *State v. Jackson*, 8th Dist. Cuyahoga No. 105530, 2018-Ohio-276, ¶ 16; *State v. Carter*, 1st Dist. Hamilton No. C-170231, 2018-Ohio-645, ¶ 4-8; *see also State v. Mundt*, 7th Dist. Noble No. 17 NO 0446, 2017-Ohio-7771, ¶ 9-10. Accordingly, this court overrules Williams' sole assignment of error.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.

---

2. The cited cases construed prior but substantively similar versions of R.C. 2929.03 and 2929.04.