[Cite as *State v. Parsons*, 2019-Ohio-824.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

CULLEN A. PARSONS,

    DEFENDANT-APPELLANT.

CASE NO. 7-18-29

O P I N I O N

Appeal from Henry County Common Pleas Court
Trial Court No. 15CR0082

Judgment Affirmed

Date of Decision: March 11, 2019

APPEARANCES:

    *Andrew Mayle* for Appellant

    *Gwen Howe-Gerbers* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Cullen Parsons ("Parsons") brings this appeal from the judgment of the Court of Common Pleas of Henry County denying his motion for a new trial. On appeal Parsons alleges that the trial court erred in denying his motion to extend his time to file a motion for a new trial. For the reasons set forth below, the judgment is affirmed.

*Background*

{¶2} On October 1, 2015, the Henry County Grand Jury indicted Parsons on one count of Attempted Murder in violation of R.C. 2903.02(A) with a specification that Parsons had discharged a firearm from a motor vehicle, a felony of the first degree; one count of Felonious Assault in violation of R.C. 2903.11(A)(2) with a specification that Parsons had discharged a firearm from a motor vehicle, a felony of the second degree; and one count of Improperly Handling a Firearm in a Motor Vehicle in violation of R.C. 2923.16(A), a felony of the fourth degree. Doc. 2. Parsons filed a motion to suppress evidence found during a warrantless search. Doc. 12. The trial court granted the motion to suppress the evidence found in Parson's vehicle, but denied the motion as to the handgun found on the ground near the vehicle finding it was in plain view of the officers. Doc. 23.

{¶3} On March 7 and 8, 2016, a bench trial was held. Doc. 35. The trial court found Parsons guilty of all three counts and the specifications. *Id.* A sentencing hearing occurred on April 21, 2016. Doc. 46. The trial court sentenced

-2-

Parsons to a prison term of seven years on count one along with an additional term of five years for the specification, five years on count two along with an additional term of five years for the specification, and twelve months on count three. *Id.* The sentences were ordered to be served concurrently for a total prison term of 12 years. *Id.* However, the trial court also found that the convictions should merge even though he imposed a sentence on each offense. *Id.*

{¶4} Parsons filed a timely appeal from that judgment. On appeal, Parsons claimed that 1) the handgun should have been suppressed as part of the vehicle search, 2) he received ineffective assistance of counsel, 3) the prosecution failed to disclose exculpatory evidence, 4) the convictions were not supported by legally sufficient evidence, 5) the convictions were against the manifest weight of the evidence, and 6) the convictions were allied offenses which should have merged. *State v. Parsons,* 3d Dist. Henry No. 7-16-08, 2017-Ohio-1315, 88 N.E.3d 624. This court overruled the first five assignments of error, but sustained the sixth assignment of error and remanded the matter for resentencing. *Id.* Parsons appealed this judgment to the Ohio Supreme Court, but the Court declined to accept jurisdiction. *State v. Parsons*, 151 Ohio St.3d 1503, 2018-Ohio-365, 90 N.E.3d 946. The Ohio Supreme Court also denied a motion for a stay and reconsideration based upon the case of *Collins v. Virginia*, [___ U.S. ___, 138 S.Ct. 1663, 201 L.Ed.2d 9 (2018)] then pending before the U.S. Supreme Court. *State v. Parsons*, 152 Ohio St.3d 1449, 2018-Ohio-1600, 96 N.E.3d 302. A new sentencing hearing was held

on August 22, 2018, pursuant to the remand by this court. Doc. 85. At that time, the trial court merged the convictions and Parsons was sentenced to seven years in prison as to count one and five years for the specification for an aggregate prison term of 12 years. *Id*.

{¶5} On July 11, 2017, Parsons filed a motion for post-conviction relief. Doc. 62. The trial court denied this motion on September 20, 2017. Doc. 71. Parsons appealed from this judgment. Doc. 73. While the motion for post-conviction relief was pending, Parsons also filed an application for leave to file a motion for a new trial. Doc. 79. The State filed its memorandum in opposition to this motion. Doc. 80. On August 20, 2018, the trial court denied the application to file a motion for a new trial. Doc. 84. Parsons appeals from this judgment and raises the following assignment of error.

> **The trial court erroneously overruled Parsons' application to extend the time to file a Rule 33(A) motion for a new trial without making the procedural determination required by Rule 33(B).**

{¶6} The basic argument made by Parsons on appeal is that the trial court denied his motion for a new trial prematurely.

> **Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably**

**prevented from filing such motion within the time provided herein.**

Crim.R. 33(B). Parsons claims that he is entitled to a new trial because the trial court made an error at law in denying his motion to suppress as to the handgun. Parsons bases this claim upon the U.S. Supreme Court's recent holding in *Collins, supra*. Parsons cites to Criminal Rule 33(A)(5) which allows an error of law occurring at the trial to be the grounds for a motion for a new trial. In support of his claim, Parsons argues that *Collins* limited the automobile exception to the warrant, which would make the admission of the firearm an error at law. Thus, Parsons argues that the trial court erred in allowing the firearm to be admitted due to a change in the law pursuant to *Collins.*

{¶7} "While Crim.R. 33(A)(5) provides that an error of law occurring at the trial is a basis for granting a new trial, the case law applying that provision, in accordance with the language of the provision, typically deals with erroneous rulings while the case was pending in the trial court." *State v. Ingram*, 10th Dist. Franklin No. 08AP-937, 2009-Ohio-2755, ¶ 15. This provision does not apply to changes in the law addressed by the Supreme Court subsequent to the trial.[1] *Id.* and *State v. Jackson*, 8th Dist. Cuyahoga No. 105530, 2018-Ohio-276, 105 N.E.3d 472, ¶ 17. "Indeed, an error based on changes in the law that occurred after trial could

---

[1] If the argument is that there was no change in the law provided by *Collins*, then although Parsons would be prevented from arguing the specific case of *Collins* at the time of trial and on appeal, he would not have been "unavoidably prevented" from making the same argument during trial and on appeal.

-5-

not have occurred during trial." *Jackson, supra*. Thus, Criminal Rule 33(A)(5) is inapplicable in these cases.

**{¶8}** Here, Parsons does not complain of any irregularity or error of law that existed during the proceedings and does not claim that there is any new evidence. His sole argument is that the trial court's ruling on the motion to suppress during the trial was erroneous based upon the U.S. Supreme Court's Ruling in *Collins*. Since this ruling was subsequent to the trial, it could not be the basis for an error that allegedly occurred during the trial. Thus, Criminal Rule 33(A)(5) does not apply in this case.[2] As there is no claim that any other basis for a new trial applies, the motion was properly overruled. The assignment of error is overruled

**{¶9}** Having found no error prejudicial to the Appellant, the judgment of the Court of Common Pleas of Henry County is affirmed.

*Judgment Affirmed*

**ZIMMERMAN, P.J. and PRESTON, J., concur.**

**/hls**

---

[2] The proper remedy for an error recognizable after trial due to a change in the law would be a petition for postconviction relief. *Jackson, supra*.