[Cite as *State v. Hale*, 2019-Ohio-1890.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :
                                                              No. 107782
v.                                              :

DELANO HALE,                            :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-04-454857-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and Christopher Schroeder, Assistant Prosecuting Attorney, *for appellee.*

Timothy Young, Ohio Public Defender, and Erika M. LaHote, and Randall L. Porter, Assistant Ohio Public Defenders, *for appellant.*

PATRICIA ANN BLACKMON, J.:

{¶ 1} Defendant-appellant, Delano Hale, appeals from the order of the trial court that denied his motion for a new mitigation trial. He assigns the following error for our review:

> The trial court erred when it denied Hale's motion for a new mitigation trial.

{¶ 2} Having reviewed the record and the pertinent law, we affirm the decision of the trial court.

{¶ 3} On July 28, 2004, Hale was indicted for aggravated murder, with felony murder death specifications, aggravated robbery, tampering with evidence, and having a weapon while under disability, all in connection with the death of Douglas Green ("Green"). On June 7, 2005, the jury convicted Hale of all counts and specifications. Nine days later, the jury unanimously recommended a sentence of death. On July 18, 2005, the trial court imposed the death sentence for the aggravated murder and 13 years for the remaining crimes.

{¶ 4} On direct appeal, Hale's conviction and sentence were affirmed by the Ohio Supreme Court. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864.

{¶ 5} While his direct appeal was pending before the Ohio Supreme Court, Hale filed a petition in the common pleas court for postconviction relief alleging, inter alia, ineffective assistance of counsel and various constitutional challenges to the death penalty. On September 24, 2015, the trial court dismissed Hale's petition.

This court affirmed. *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 49.

{¶ 6} On January 11, 2017, Hale filed a "Combined Motion for Leave to File a Motion for New Mitigation Trial Pursuant to Criminal Rule 33 and R.C. 2953.21." Hale argued that the Ohio death penalty scheme violates the Sixth Amendment to the United States Constitution, based upon the United States Supreme Court's decision in *Hurst v. Florida*, 577 U.S. ____, 136, S.Ct. 616, 193 L.Ed.2d 504 (2016), in which the Supreme Court held that Florida's death penalty statute violated the defendant's Sixth Amendment right to a jury trial because it required the judge, rather than the jury, to determine the existence of any aggravating circumstances justifying the death penalty. *Id.* at 624. On September 10, 2018, the trial court denied the motion/petition in a seven-page order.

### I. Motion for Leave to File a Motion For a New Trial

{¶ 7} We review a judgment denying a motion for leave to file a delayed motion for a new trial for an abuse of discretion. *State v. Washington*, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, ¶ 16.

{¶ 8} Crim.R. 33, new trial, provides in pertinent part:

(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

(1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial;

\* \* \*

(4)   That the verdict is not sustained by sufficient evidence or is contrary to law[.]

(5)  Error of law occurring at the trial[.]

(B)  Motion for New Trial; Form, Time.  Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

{¶ 9}   With regard to the issue of timeliness, we note that a defendant who fails to timely file a motion for a new trial must seek leave from the trial court to file a delayed motion.  *State v. Bryan*, 8th Dist. Cuyahoga No. 105774, 2018-Ohio-1190, ¶ 7, citing *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10; *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).  To obtain leave, Crim.R. 33(B) requires that the defendant must show clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial.

[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion * * * and could not have learned of the existence of that ground within the time prescribed for filing the motion * * * in the exercise of reasonable diligence.

*State v. Walden*, 19 Ohio App.3d 141, 145-146,  483 N.E.2d 859 (10th Dist.1984).

{¶ 10}  In addition, the defendant must show that he sought leave within a reasonable time after discovering the evidence relied upon to support the motion for a new trial.  *State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 17, citing *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 18.

{¶ 11} In *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, the Ohio Supreme Court remarked that, prior to the decision in *Hurst*, Roberts "could have made essentially the same Sixth Amendment argument by relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)." *Id.* at ¶ 84.

{¶ 12} Further, in *State v. Bryan*, 8th Dist. Cuyahoga No. 105774, 2018-Ohio-1190, ¶ 8, this court found a *Hurst*-based motion for a new trial to be untimely, and stated as follows:

> The *Hurst* case [577 U.S. ____, 136 S.Ct. 616, 193 L.Ed.2d 504] was decided January 12, 2016, over five years after Bryan was sentenced to death. Bryan's motion for leave was filed a year after *Hurst* was decided. Although Bryan argues that *Hurst* is a complex decision that takes time to digest and understand, we find a year exceeded a reasonable time for filing the motion.

*Accord State v. Mundt*, 7th Dist. Noble No. 17 NO 0446, 2017-Ohio-7771, (concluding that a motion for leave to file a motion for a new mitigation trial was untimely where it was filed a year after *Hurst*, and the defendant did not show that he was unavoidably prevented from filing the argument prior to *Hurst* with other cases used in support of the claim).

{¶ 13} With regard to the substantive merit of the *Hurst* argument, we note that in *Bryan*, this court rejected a *Hurst* challenge to Ohio's death penalty scheme and stated:

> Post-*Hurst*, the Ohio Supreme Court recognized that, unlike the Florida statute, under Ohio law "the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence," and therefore "it is not possible to make a factual finding

during sentencing phase that will expose a defendant to greater punishment." *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 59. In other words, in Ohio a jury must first find a defendant guilty of an aggravating factor before the death penalty becomes a possibility. While *Belton* involved the 2008 version of Ohio's death penalty statute, the relevant provisions are substantially similar to the ones under review today. The key point from *Belton* is that the sentencing phase under Ohio law involves a weighing — not a fact-finding — process. *Id.* at ¶ 60. The Ohio jury's role in the mitigation phase affords an extra layer of protection to the accused. Without a jury recommendation that the defendant be sentenced to death, that sentence is unavailable. The Ohio judge's ability to reject a death sentence recommendation affords a safety valve and maintains a court's traditional role in imposing punishment. These layers of protection afforded a defendant comply with *Hurst*. *See State v. Jackson*, 8th Dist. Cuyahoga No. 105530, 2018-Ohio-276; *State v. Mason*, 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400.

*Bryan* at ¶ 11 (approving the analysis set forth in *State v. Carter*, 2018-Ohio-645, 95 N.E.3d 443 (1st Dist.). *Accord State v. Jackson*, 2018-Ohio-276, 105 N.E.3d 472, ¶ 17 (8th Dist.) (affirming denial of motion for leave to file a motion for a new trial based on *Hurst* claim).

{¶ 14} In accordance with the foregoing, the trial court did not err in denying Hale's 2017 motion for leave to file a motion for a new trial.

## II. Petition for Postconviction Relief

{¶ 15} Under R.C. 2953.21, a prisoner may obtain postconviction relief "only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus. A postconviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. *State v. Steffen*, 70

Ohio St.3d 399, 410, 639 N.E.2d 67 (1994); *State v. Smith*, 8th Dist. Cuyahoga No. 93534, 2010-Ohio-1869, ¶ 11. Rather, it is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record. *Id.* at ¶ 12.

{¶ 16} The postconviction relief statute allows only a limited time to file a petition for postconviction relief, which "shall be filed no later than three hundred sixty five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication" challenged by the petition. R.C. 2953.21(A)(2). This restriction is jurisdictional. R.C. 2953.23(A). However, outside of these limitations, there is a grant of jurisdiction where the petitioner can satisfy both of the following:

> (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
>
> (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1).

{¶ 17} Pursuant to R.C. 2953.21(C), a trial court may deny a petition for postconviction relief without holding an evidentiary hearing where the petition, the

supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 1999-Ohio-102, 714 N.E.2d 905.

{¶ 18} In *State v. Mason*, 153 Ohio St.3d 476, 2018-Ohio-1462, 108 N.E.3d 56, the Ohio Supreme Court considered *Hurst* and held that Ohio's death penalty statute, R.C. 2929.03 through 2929.04, did not violate the Sixth or Fourteenth Amendments to the United States Constitution. *Id.* at ¶ 29-43. The Supreme Court distinguished Ohio's statute from the Florida death penalty statute deemed unconstitutional in *Hurst* and stated:

> In *Hurst*, the court held that the Florida scheme violated the Sixth Amendment because it did not require the jury to find that Hurst was guilty of committing a specific aggravating circumstance. *Hurst* at ___, 136 S.Ct. at 622, 624.

> Ohio law, in contrast, requires a jury to find the defendant guilty beyond a reasonable doubt of at least one aggravating circumstance, R.C. 2929.03(B), before the matter proceeds to the penalty phase, when the jury can recommend a death sentence. Ohio's scheme differs from Florida's because Ohio requires the jury to make this specific and critical finding.

*Id.* at ¶ 31-32.

{¶ 19} In addition, *Mason* rejected the argument that Ohio's death penalty statute allows a trial court judge to engage in independent fact-finding to determine whether the death penalty can be imposed. The court noted that "Ohio does not permit the trial judge to find additional aggravating facts but requires the judge to determine, independent of the jury, whether a sentence of death should be

imposed." *Id.* at ¶ 39, citing *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 160. In Ohio,

> [T]rial judges may weigh aggravating circumstances against mitigating factors and impose a death sentence only after the jury itself has made the critical findings and recommended that sentence. Thus, "the judge's authority to sentence derives wholly from the jury's verdict." [*Blakely v. Washington*, 542 U.S. 296, 306, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004).] Under Ohio's death-penalty scheme, therefore, trial judges function squarely within the framework of the Sixth Amendment.

*Id.* at ¶ 42.

{¶ 20} Similarly, in *State v. Goff*, 154 Ohio St.3d 218, 2018-Ohio-3763, 113 N.E.2d 490, the Ohio Supreme Court held that the weighing process is not fact-finding subject to the Sixth Amendment. *Id.* at ¶ 39. The court remarked that "[t]he Sixth Amendment was satisfied once the jury found [Goff] guilty of aggravated murder and a felony-murder capital specification." *Id.* at ¶ 36. *Accord State v. Tench*, Slip Opinion No. 2018-Ohio-5205, ¶ 279. *See also Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 59-60 (distinguishing *Hurst* and concluding that the weighing of aggravating circumstances against mitigating factors is not a fact-finding process subject to the Sixth Amendment.).

{¶ 21} We are bound by the Supreme Court's decisions in *Mason, Goff*, and *Belton* that rejected the same arguments raised by Hale and affirmed the constitutionality of Ohio's death penalty statute under the Sixth and Fourteenth Amendments.

**{¶ 22}** In accordance with the foregoing, the trial court did not err in denying Hale's 2017 petition for postconviction relief.

**{¶ 23}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR