[Cite as *State v. Hill*, 2014-Ohio-3409.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98366**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**RONDELL L. HILL**

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-11-551296-A
Application for Reopening
Motion No. 476600

**RELEASE DATE:** August 5, 2014

**APPELLANT**

Rondell Hill
Inmate No. 624-139
Lorain Correctional Institution
2075 S. Avon Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kevin R. Filiatraut
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} On July 10, 2014, the applicant, Rondell Hill, pursuant to App.R. 26(B) and *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), applied to reopen this court's judgment in *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-3210, in which this court modified Hill's conviction for aggravated murder to murder, because there was insufficient evidence for the element of prior calculation and design, and then remanded the case for resentencing. Hill now claims that his appellate counsel was ineffective for not arguing that his trial counsel should have asked for a lesser included offense instruction on voluntary manslaughter and that the prosecutor committed prejudicial misconduct by presenting perjured evidence and expressing personal opinions during closing argument. For the following reasons, this court denies the application to reopen.

{¶2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The July 2014 application was filed approximately 500 days after this court's decision. Thus, it is untimely on its face.

{¶3} Hill endeavors to show good cause by stating that he did not obtain the transcript until October 2013 and that his appellate counsel failed to argue the above-listed "dead bang winners." However, the lack of a transcript does not state good cause for an untimely filing. *State v. Lawson*, 8th Dist. Cuyahoga No. 84402, 2005-Ohio-880, *reopening disallowed*, 2006-Ohio-3839. In *State v. Nicholson*, 8th Dist. Cuyahoga No. 82825, 2004-Ohio-2394, *reopening disallowed*, 2006-Ohio-3020, this court rejected the applicant's claim that appellate counsel's failure to raise "dead bang winners" stated good cause for untimely filing. As the

Supreme Court of Ohio stated in *State v. Reddick*, 72 Ohio St.3d 88, 90-91, 1995-Ohio-249, 647 N.E.2d 784: "Neither *Murnahan* nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."

{¶4} Accordingly, this court denies the application to reopen.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
TIM McCORMACK, J., CONCUR