[Cite as *State v. Williamson*, 2019-Ohio-1985.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff-Appellee,          :

                                              Nos. 107117, 107162
                                              and 107916

      v.                                    :

MICHAEL WILLIAMSON,                     :

      Defendant-Appellant.          :

_____

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 23, 2019

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-01-406972-ZA

_____

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and
Diane Smilanick and Mary M. Frey, Assistant Prosecuting
Attorneys, *for appellee*.

Michael Williamson, *pro se*.

PATRICIA ANN BLACKMON, P.J.:

{¶ 1} Michael Williamson ("Williamson") appeals from the denial of his motion for leave to file a delayed motion for a new trial and petition for postconviction relief. He assigns the following errors for our review:

I.  The trial court abused its discretion when denying the motions for leave to file a motion for a new trial and motion for a new trial.

II.  The trial court abused its discretion when denying Williamson's motions for postconviction relief.

III.  The fair trial and due process provisions of both constitutions were violated [through the withholding of exculpatory evidence].

IV.  The fair trial, right to counsel and due process provisions of [the Ohio Constitution and United States Constitution] were violated [through a conspiracy to convict an innocent person].

V.  The fair trial and due process provisions of both constitutions were violated [by prosecutorial misconduct in bringing grand jury proceedings against defense witness Mark Neiswonger].

VI.  The fair trial and due process provisions of [the Ohio Constitution and United States Constitution] were violated [because Williamson was not permitted to present] the entire continuum of evidence related to the Neiswonger confession and [the grand jury information against Neiswonger].

{¶ 2}  Having reviewed the record and pertinent law, we affirm the decision of the trial court.  The apposite facts follow.

{¶ 3}  Williamson was charged with raping his seven-year-old stepdaughter over an extended period of time.  The matter proceeded to trial in December 2001. The evidence presented at trial included the following:

> [T]he victim testified that she was seven years old at the time of the rapes.  She testified that her stepfather, the defendant, touched her breasts and private areas, and forced her to perform oral sex over forty times.  She stated that he played dirty movies for her and her two brothers.  * * *
>
> Sally Weindorf, a social worker with Children and Family Services, who testified that the victim told her what happened on April 20, 2001. * * *

The victim allowed Dr. Bar-Shain to perform an internal physical examination and described the sexual assaults in detail. [Dr. Bar-Shain] opined that sexual abuse probably occurred.

* * *

The defense presented six witnesses: Lois Fears, Michael Tracinski, Teresa Williamson, Dorothy Gudat, Rachel Williamson and Michael Williamson, himself. Ms. Fears, a friend, testified that she drove the victim to and from school and watched the victim and her brothers after school while the parents worked. She testified that she never saw or heard anything during that time.

Next, Michael Tracinski, the victim's natural father, testified. He testified that Roxie Blakley, the victim's grandmother, had accused him of sexual wrongdoing with the victim when she was two years old, but that he had been cleared of all charges.

Next, Teresa Williamson, the victim's mother, testified. She testified that her daughter had once been molested by a prior boyfriend's friend. She testified that her mother had made accusations of possible molestation against Tracinski, her ex-husband, and a baby-sitter, but that neither turned out to be true.

* * *

Next, Dorothy Gudat testified. She testified that she is the grandmother of one of the victim's friends and that she had no knowledge if her granddaughter had ever spent the night at the victim's home.

Next, Rachel Williamson, testified. She is the sister of the defendant. She testified that she babysat for the victim and her brothers while their parents were at work. She testified that she never saw or heard defendant do anything inappropriate to the victim during that time. She also stated that two days before the defendant was arrested for rape, she had asked the victim if the defendant had ever touched her and that she had said no.

Finally, defendant testified on his own behalf. He testified that he did not force the victim to perform oral sex on him and denied having sexual contact with her. He also testified that he never watched dirty movies with the victim and that he did not smoke marijuana in front of the kids.

On December 21, 2001, the jury found defendant guilty of twelve counts of rape as charged in the indictment.

*See State v. Williamson*, 8th Dist. Cuyahoga No. 80982, 2002-Ohio-6503, ¶ 4-15 ("*Williamson I*").

{¶ 4} Williamson filed a direct appeal in which he assigned two errors for our review. As is relevant herein, Williamson asserted that his trial counsel was ineffective because he "grossly mishandled an exculpatory witness [Neiswonger]." *Id.* at ¶ 33.

{¶ 5} In rejecting Williamson's claims, this court observed that Neiswonger appeared on the third day of trial, and that "[d]uring trial, the victim denied that Neiswonger touched her inappropriately or molested her." *Id.* at ¶ 34-35, fns. 1 and 2. This court also noted that Neiswonger never made a statement prior to trial, and in any event, any molestation by Neiswonger is not a defense for Williamson. *Id.*

{¶ 6} In 2002, Williamson filed a pro se petition to vacate or set aside his conviction and a motion for a new trial. The trial court denied both the petition and the motion. Williamson subsequently challenged his sentence and, in 2014, this court ordered the trial court to resentence Williamson in order to properly advise him of postrelease control. *State v. Williamson*, 8th Dist. Cuyahoga Nos. 100563 and 101115, 2014-Ohio-3909, ¶ 20, 23 ("*Williamson II*").

{¶ 7} In November 2015, Williamson filed a second petition for postconviction relief. It was denied four months later, and this court affirmed. *State v. Williamson*, 8th Dist. Cuyahoga No. 104294, 2016-Ohio-7053 ("*Williamson III*").

{¶ 8} In 2017, Williamson filed an application for DNA testing of a cup and part of the flooring of the home. The trial court noted that no such physical evidence was presented at his trial; the only physical evidence collected and tested by the state was the victim's bedding, which tested negative for semen and blood. The trial court also concluded that results from the DNA testing would not be outcome determinative because the presence of another person's DNA on the flooring or cup would not have exonerated Williamson. The court also noted that the victim alleged that Williamson raped her over 40 times; he was convicted of 12 of those incidents, and the cup and flooring related to only one incident. This court affirmed, stating:

> [N]o parent sample existed on which a DNA test could be performed and the court denied Williamson's application on that finding, pursuant to R.C. 2953.74(C)(1).
>
> Further, the results of the requested DNA material would not be "outcome determinative." R.C. 2953.74(C)(4) provides that a trial court may only accept the application if the exclusion result will be "outcome determinative." As the trial court found, even if DNA from another person was found, Williamson would not be completely exonerated because the victim testified he raped her over 40 times. Williamson's identity was not at issue; he denied raping the victim and was convicted of 12 counts of rape.

*State v. Williamson*, 8th Dist. Cuyahoga No. 106480, 2018-Ohio-2226, ¶ 10-11 ("*Williamson IV*").

{¶ 9} In April 2018, Williamson filed a petition for postconviction relief and motion for leave to file a motion for a new trial, maintaining that he is actually

innocent of the offenses. Williamson averred that Neiswonger "admitted" that "he alone" engaged in sex with the victim. However, according to Williamson's affidavit, Neiswonger was "intimidated" from testifying for the defense after the state attempted to charge him with obstruction of justice, but a "no bill" was later issued. Williamson also averred that the exculpatory evidence related to Neiswonger was withheld from him.

{¶ 10} On October 22, 2018, the trial court denied the petition for postconviction relief and motion for a new trial, stating:

> [Williamson's] 4/9/18 motion for leave to file delayed motion for new trial is based upon [Williamson's] claim of actual innocence and the inability to proffer confession of homeless man named Mark Neiswonger. [Williamson] has attached what purports to be [Williamson's own] affidavit in support of his claims.

> Review of [Williamson's] original appeal in court of appeals case no. 80982 issued 12/9/02 affirming [Williamson's] conviction reveals discussion of the same individual and issues raised in [Williamson's] current Motion for leave to file delayed appeal. (*See* vol. 537, p882). It is evident that [Williamson] knew of Neiswonger and his purported role in the case at the time of trial. Any argument pertaining to Neiswonger could not be described as new evidence. (*See State v. Blalock*, [8th Dist. Cuyahoga No. 104773,] 2017-ohio-2658).

> Accordingly, [Williamson's] 4/9/18 pro se motion for leave to file delayed motion for new trial is denied.

> [Williamson's] 4/9/18 pro se motion for new trial is denied as moot.

> [Williamson's] 4/9/18 pro se petition for postconviction relief is denied without hearing. The petition is untimely, has been previously denied, and all arguments contained therein are res judicata.

{¶ 11} In his assigned errors, Williamson asserts that the trial court erred in denying his motion for leave to file a motion for a new trial and motion for a new trial.

**Motion for Leave to File Motion for a New Trial**

{¶ 12} The grant or denial of a motion for a new trial on the grounds of newly discovered evidence is within the discretion of the trial judge and this ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Hill*, 64 Ohio St.3d 313, 333, 595 N.E.2d 884 (1992); *State v. Schiebel*, 55 Ohio St.3d 71, 76, 564 N.E.2d 54 (1990). An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 13} New trials are governed by Crim.R. 33. Crim.R. 33(A)(6) provides that a motion for a new trial on the ground of newly discovered evidence may be granted only if that evidence:

> (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.

*State v. Cannon*, 8th Dist. Cuyahoga No. 103298, 2016-Ohio-3173, ¶ 12, citing *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶ 14} Under Crim.R. 33(B), new trial motions that are based upon newly discovered evidence must be filed within 120 days after the verdict was rendered,

unless it appears, by clear and convincing proof, that the movant was unavoidably prevented from discovering the new evidence. A defendant is "unavoidably prevented" from filing a timely motion for new trial if the defendant had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence. *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). Res judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33. *State v. Bridges*, 8th Dist. Cuyahoga Nos. 103634 and 104506, 2016-Ohio-7298, ¶ 25.

{¶ 15} A claim of actual innocence based on newly discovered evidence may be raised in a Civ.R. 33 motion for a new trial. *State v. Byrd*, 145 Ohio App.3d 318, 331, 762 N.E.2d 1043 (1st Dist.2001). Such motions must demonstrate the strong probability that newly discovered evidence would have led to a verdict of not guilty. *State v. Blalock*, 8th Dist. Cuyahoga No. 104773, 2017-Ohio-2658, ¶ 45, citing *Cannon* at ¶ 12, and *State v. Jalowiec*, 2015-Ohio-5042, 52 N.E.3d 244, ¶ 30 (9th Dist.).

{¶ 16} The evidence submitted must not be merely cumulative to the evidence presented at trial. *State v. Hale*, 8th Dist. Cuyahoga No. 103654, 2016-Ohio-5837, ¶ 9; *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993); *State v. Combs*, 100 Ohio App.3d 90, 652 N.E.2d 205 (1st Dist.1994).

{¶ 17} In this matter, Williamson's claims regarding Neiswonger do not constitute newly discovered evidence and do not entitle him to a new trial. The record demonstrates that during trial, Williamson proffered that "Neiswonger was going to testify that he also molested the victim." The court determined that this evidence was simply to contradict the victim's testimony at trial that Neiswonger did not molest her. *Williamson I*, 2002-Ohio-6503, at ¶ 34-35, fns. 1 and 2. This court agreed that the evidence was not exculpatory and was not a defense. *Id.* Therefore, these same assertions reframed within Williamson's affidavit in support of his motion for a new trial constitute neither "newly discovered evidence" nor exculpatory evidence and do not demonstrate Williamson's actual innocence.

{¶ 18} Accordingly, the trial court did not err in denying Williamson's motion for leave to file a motion for a new trial. The first assigned error is without merit.

## Postconviction Relief

{¶ 19} In the remaining assigned errors, Williamson argues that the trial court erred in denying his petition for postconviction relief. He maintains that Neiswonger "confessed" that "he alone" raped the victim, and this exculpatory evidence was withheld from him. He also asserts that the state brought grand jury proceedings that were later "no billed," in order to intimidate Neiswonger from testifying for the defense at trial.

{¶ 20} Under R.C. 2953.21(A), a person convicted of a criminal offense who claims that there was such a denial or infringement of the person's rights as to

render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed the sentence for the offense, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 21} A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs seven, eight and nine of the syllabus.

{¶ 22} In this matter, the record demonstrates that this is Williamson's third petition for postconviction relief. Moreover, the same claims about Neiswonger were raised in Williamson's direct appeal when he asserted:

> [Defense counsel was ineffective] by failing to offer his testimony, failing to adequately proffer that his testimony would have been, that he coached the alleged victim's accusations, and failing to file a motion for new trial based upon this exculpatory witness's more detailed post-verdict statements.

*Williamson I*, 2002-Ohio-6503, ¶ 32. In rejecting Williamson's claims, this court observed that Neiswonger appeared on the third day of trial, and that "[d]uring trial, the victim denied that Neiswonger touched her inappropriately or molested her." *Id.* at ¶ 34. This court also stated:

> Prior to the start of trial, defense counsel produced Neiswonger, a handicapped man that paid rent and lived within the defendant's household, as a witness for the defense. Defense counsel proffered that Neiswonger was going to testify that he also molested the victim. (Tr. 737-49). The trial court determined that Neiswonger's testimony was

being introduced for the purpose of contradicting the victim's testimony, and was not exculpatory in nature. (Tr. 748, 864). We agree. A witness may not be impeached by evidence that merely contradicts her testimony on collateral matters. *State v. Boggs* (1992), 63 Ohio St.3d 418, 422, 588 N.E.2d 813. Since no defense to the charge of rape against the defendant would be implicated by Neiswonger's testimony that he also molested the victim, that issue was irrelevant to the matter. Accordingly, since the evidence was not properly admissible, counsel's failure to call Neiswonger as a witness was not prejudicial. Thus, defendant was not rendered ineffective assistance of counsel. * * *

Defendant also claims that at the time of sentencing, defense counsel discovered that Neiswonger was going to testify that he coached the victim regarding her accusations against defendant. The record does not support this argument. Indeed, the transcript shows that Neiswonger was present at the sentencing and declined to make any statement. (Tr. 857-859).

*Id.* at ¶ 34-35.

{¶ 23} In accordance with the foregoing, Williamson cannot show that he was unavoidably prevented from discovering the facts on which the petition is based and cannot show that but for this purported constitutional error, no reasonable factfinder would have found him guilty of raping the victim. Accordingly, the trial court properly denied the petition under R.C. 2953.23(A).

{¶ 24} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____
PATRICIA ANN BLACKMON, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN A. GALLAGHER, J., CONCUR