[Cite as *State v. Hill*, 2020-Ohio-102.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

                          No. 108250

    v.                                    :

RONDELL L. HILL,                           :

    Defendant-Appellant.             :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-11-551296-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey and Frank Romeo Zeleznikar, Assistant Prosecuting Attorneys, *for appellee.*

Kimberly Kendall Corrall, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant Rondell L. Hill ("Hill") appeals the trial court's judgment denying his motion for leave to file a delayed motion for new trial ("2018 motion for leave"). For the reasons that follow, we affirm.

## I.  Factual and Procedural History

{¶ 2}  Hill was indicted on June 20, 2011, for the June 2, 2011 shooting death of Tyrone Spence ("Spence") and was charged with one count of aggravated murder in violation of R.C. 2903.01(A), with firearm specifications.  The matter proceeded to a jury trial on April 4, 2012.  The state argued that Spence was driven to Hill's house by Damon Taylor ("Taylor") to collect money owed to Spence by Hill.  The state further argued that Hill shot Spence in the street following a verbal argument.  Taylor was present when the shooting occurred and testified at trial as a state's witness.  Hill was convicted on April 5, 2012, of aggravated murder, with firearm specifications, and was sentenced to 30 years to life imprisonment plus 3 years on the firearm specification.

{¶ 3}  On appeal, we found that there was insufficient evidence to establish that Hill acted with prior calculation and design and modified Hill's conviction from aggravated murder to murder and remanded the case for resentencing. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, *discretionary appeal disallowed*, *State v. Hill*, 136 Ohio St.3d 1450, 2013-Ohio-3210, 991 N.E.2d 257.  Hill was resentenced on September 19, 2013, to a total of 18 years to life imprisonment.

{¶ 4}  Hill appealed from the resentencing hearing on October 13, 2013, and we affirmed. *State v. Hill*, 8th Dist. Cuyahoga No. 100536, 2014-Ohio-3416.  Hill also filed a motion to reopen his direct appeal; that motion was denied. *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2014-Ohio-3409.

{¶ 5} Hill filed a pro se motion for leave to file a delayed motion for new trial on July 17, 2014 ("pro se motion for leave"). Hill claimed he recently obtained newly discovered exculpatory eyewitness evidence from Myles McCollum ("McCollum") that the state failed to provide at trial. Hill presented McCollum's affidavit dated April 16, 2014 ("McCollum 2014 affidavit"), that averred: (1) Hill was at the scene of the shooting, but he did not possess a weapon, and (2) Hill ran past McCollum's home while three to four gunshots were being fired. McCollum, who was incarcerated at the time of Hill's initial trial, was transported from the Richland Correctional Institution to testify regarding these observations on June 2, 2011, but he was never called to testify at Hill's trial. Hill also argued the state's failure to provide McCollum's statement constituted a *Brady* violation.

{¶ 6} The state challenged that McCollum's testimony was always discoverable by Hill because McCollum's name was on a witness list; McCollum was subpoenaed to appear at trial; an order of transport was issued for McCollum's presence at trial; and McCollum's name was mentioned during voir dire as a potential witness. Further, Hill's statement to the police corroborated McCollum's affidavit because Hill told the police he ran past the home of his friend after the shooting started.

{¶ 7} We found there was no evidence to demonstrate Hill lacked knowledge of McCollum's statements or that Hill could not have discovered McCollum's statements with due diligence. *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652. Accordingly, we affirmed the trial court's denial of Hill's

pro se motion for leave. We also found the trial court did not abuse its discretion when it failed to hold a hearing on Hill's pro se motion for leave.

{¶ 8} On August 6, 2018, Hill, represented by counsel, filed his 2018 motion for leave alleging the discovery of newly found evidence depicted by the affidavits of McCollum, Taylor, and Christian Potts ("Potts").

{¶ 9} Hill presented McCollum's 2014 affidavit that was attached to Hill's pro se motion for leave plus a newly executed affidavit prepared on April 27, 2018 ("McCollum 2018 affidavit"). McCollum's two affidavits essentially present the same information indicating that on the day of Spence's murder, Hill and Spence did not argue; Hill did not possess a weapon; and upon hearing gun shots, Hill ran from the scene of the shooting. The McCollum 2018 affidavit adds that McCollum did not know Spence and he never met a member of Hill's defense team.

{¶ 10} Taylor's affidavit dated April 13, 2017, recants his trial testimony that stated (1) Hill and Spence argued on the date of the shooting, (2) Hill shot Spence, and (3) Hill put a gun in his waistband after shooting Spence. Taylor purports that the prosecutors threatened to charge him with Spence's murder unless he identified Hill as the murderer.

{¶ 11} Potts's affidavit, executed on June 28, 2018, alleges he was present at the time of the shooting. Potts saw an unidentified black male appear from the side of an abandoned house and speak with Spence. Hill backed away from the two men — Spence and the unidentified black male — and Potts then heard gun shots. Spence

fell to the ground.  Hill did not have a gun.  Potts does not know the name of the man who shot Spence.

**{¶ 12}** On February 5, 2019, without holding a hearing, the trial court denied Hill's 2018 motion for leave.  On February 27, 2019, Hill filed a timely notice of appeal, presenting the following verbatim assignments of error for our review:

> Assignment of Error I:  The Trial Court abused its discretion in failing to grant leave with a finding that Appellant was unavoidably prevented from receiving the discovery of the evidence upon which he relies
>
> Assignment of Error II:  The Court Abused its discretion when it failed to Grant a New Trial Motion on The Grounds of Newly Discovered Evidence
>
> Assignment of Error III:  The Trial Court Erred in Failing to Grant a New Trial Where McCollum's Cumulative Evidence Violates Brady
>
> Assignment of Error IV:  The Trial Court Abused Its Discretion in Failing to Grant Appellant a Hearing, As A Hearing on A Motion Based on Newly Discovered Evidence is Expressly Required Under Criminal Rule 33

## II.    Law and Analysis

## A. Motion for leave to file a delayed motion for new trial

**{¶ 13}** This court reviews the denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion.  *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 11.  An abuse of discretion is not simply an error of law or judgment, but implies the court's attitude is unreasonable, arbitrary, or unconscionable.  *State v. Yates*, 8th Dist. Cuyahoga No. 96664, 2011-Ohio-4962, ¶ 5.

{¶ 14} According to Crim.R. 33(A)(6), a new trial may be granted on a defendant's motion for new trial where new evidence materially affects the defendant's substantial rights and meets the following:

> When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

{¶ 15} Under Crim.R. 33(B), a motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. A party who fails to file a motion for new trial within the prescribed timeframe must seek leave from the trial court to file a delayed motion for new trial. *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890, ¶ 9. The trial court may grant leave to file a delayed motion for new trial if the movant shows, by clear and convincing evidence, that he was unavoidably prevented from filing the motion for new trial and he sought leave within a reasonable time after discovering the evidence. *Id.* at ¶ 9-10.

{¶ 16} "Unavoidably prevented" from filing a timely motion for new trial occurs when the defendant (1) had no knowledge of the existence of the grounds supporting the motion for new trial, and (2) could not have learned, in the exercise

of reasonable diligence, of the existence of those grounds within the prescribed time. *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 11.

{¶ 17} In addition to showing the movant was unavoidably prevented from discovering the new evidence, he must also show that the motion for leave was filed within a reasonable time after the new evidence was discovered. *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 18. If a significant delay occurs, the trial court must ascertain whether the delay was reasonable under the circumstances or whether the movant adequately explained why the delay occurred. *Id.* at ¶ 18.

{¶ 18} The jury convicted Hill of aggravated murder on April 5, 2012, and Hill filed the 2018 motion for leave that is the subject of this appeal on August 6, 2018, well beyond Crim.R. 33(B)'s 120-day time limit. Hill's motion must establish, by clear and convincing evidence, that he was unavoidably prevented from discovering the new evidence and his motion was filed within a reasonable time as a predicate for obtaining leave to file a new trial.

{¶ 19} In Hill's first assignment of error, he argues that the trial court abused its discretion by denying Hill's 2018 motion for leave because Hill was unavoidably prevented from receiving the evidence contained in the proffered affidavits. For ease of analysis, we will address the evidence provided by each affiant individually.

## 1. Damon Taylor

{¶ 20} Hill argues that Taylor's affidavit recanting the affiant's prior trial testimony could not previously have been discovered, and therefore, the trial court should have granted Hill's 2018 motion for leave. Taylor's affidavit states he

testified against Hill at trial because the prosecutor threatened to charge Taylor with Spence's murder unless Taylor identified Hill as Spence's shooter. The state argues (1) the affidavit is unsworn and therefore presents no evidentiary value, and (2) assuming arguendo the validity of the affidavit, Taylor's affidavit lacks credibility.

{¶ 21} Hill had to show by clear and convincing evidence that (1) he was unavoidably prevented from discovering this new evidence — Taylor's recantation of his trial testimony — and (2) Hill's motion for leave was filed within a reasonable time after his discovery of the new evidence.

{¶ 22} At trial, Taylor stated while seated in his car, with the music on and his windows lowered, he observed Spence and Hill in his rear view mirror. Spence and Hill's conversation quickly escalated to a more heated discussion. Spence returned to the car only to be followed by Hill. Spence exited the car and was speaking again with Hill when Taylor heard two gun shots. In the rearview mirror, Taylor observed Spence on the ground and Hill standing over him. A third shot was fired by Hill who then placed a gun in his waistband and fled the scene. Taylor testified no one ran up to Spence and Hill and engaged in a conversation with them.

{¶ 23} In his affidavit, Taylor now denies that Hill and Spence argued and states he did not see Hill with a gun on the day Spence died. Taylor avers he heard a gunshot — while he was seated in the car listening to the radio — and saw "people running and [Spence] on [the] ground." These statements contradict Taylor's trial testimony.

{¶ 24} Due to his feelings of guilt about his incriminating and false trial testimony, Taylor claims he drafted an affidavit reflecting the truth and mailed it to Hill: "I Damon Taylor can no longer stay in silence while an innocent [m]an [sits] in prison for a[] crime he didn't do. So I took it upon myself to look Rondell Hill [624139] up, I'm sending him this to RCI, CHILLICOTHE Ohio, 45601 PO. Box 7010[.]"

{¶ 25} Hill received the affidavit on or about April 13, 2017. Taylor's affidavit was submitted with Hill's 2018 motion for leave on August 6, 2018 — 16 months after receipt of the affidavit.

{¶ 26} Hill claims that following receipt of Taylor's affidavit his family retained a private investigator to locate Taylor. The date of hire of the investigator is unknown and while no details were provided by Hill, apparently the investigator did not produce relevant information: "After a period of time which resulted in no contact, Hill's family retained legal counsel and [a second] investigator * * *." (Appellant's brief at 17.) The second investigator — the hire date is again undisclosed — attempted to contact Taylor through the spring of 2018 but to no avail. The second investigator interviewed Christian Potts and obtained an affidavit from this witness on June 28, 2018. Hill filed his 2018 motion for leave to file a delayed motion for new trial two months later.

{¶ 27} While Hill does not explicitly state the reason his 2018 motion for leave was filed 16 months after receipt of Taylor's affidavit, it appears the petitioner blames the delay on his attempt to locate the witness. However, the hope to

establish a stronger case is not a reasonable basis for a delayed motion for leave to file a delayed motion for new trial. *State v. N.D.C.*, 10th Dist. Franklin No. 15AP-63, 2015-Ohio-3643, ¶ 21. "Crim.R. 33(B) does not allow a defendant to wait for further evidence to arise that will bolster his case." *State v. Berry*, 10th Dist. Franklin No. 06AP-803, 2007-Ohio-2244, ¶ 39 (where appellant's motion for leave to file a delayed motion for new trial was premised on a recent United States Supreme Court case, the filing of the motion for leave one year after release of the decision exceeded a reasonable time for filing a motion for leave).

{¶ 28} A delay of more than one year between the receipt of new evidence and the filing of a motion for leave has been found to constitute an unreasonable delay. *State v. Bryan*, 8th Dist. Cuyahoga No. 105774, 2018-Ohio-1190, ¶ 8. We cannot say that the trial court abused its discretion when it denied Hill's 2018 motion for leave where the evidence contained within Taylor's affidavit was not timely brought to the court's attention.

## 2. Christian Potts

{¶ 29} Hill offers the Potts affidavit as newly discovered evidence that was not previously known or discoverable. Potts avers that he did not provide a statement prior to his June 28, 2018 affidavit because he was unaware of Hill's prosecution for Spence's murder. The state argues that Hill did not exercise reasonable diligence to discover Potts's testimony and the affidavit is unsworn and therefore presents no evidentiary value.

**{¶ 30}** To obtain leave to file a delayed motion for new trial, a movant must show he was unavoidably prevented from filing earlier by presenting clear and convincing evidence that (1) in the exercise of reasonable diligence he had no knowledge of the existence of the offered evidence, and (2) he could not have learned of the evidence within the timeframe prescribed by Crim.R. 33(B). *State v. Williams*, 8th Dist. Cuyahoga No. 99136, 2013-Ohio-1905, ¶ 8. However, "[t]he phrases 'unavoidably prevented' and 'clear and convincing proof' do not allow one to claim that evidence was undiscoverable simply because affidavits were not obtained sooner." *State v. Fortson*, 8th Dist. Cuyahoga No. 82545, 2003-Ohio-5387, ¶ 11.

**{¶ 31}** It is the duty of the criminal defendant and his trial counsel to make a serious effort, on their own, to discover potential, favorable evidence. *Williams* at ¶ 9. Claims that evidence was undiscoverable simply because the defense did not take the necessary steps earlier to obtain the evidence do not satisfy the requisite standard. *State v. Anderson*, 10th Dist. Franklin No. 12AP-133, 2012-Ohio-4733, ¶ 14; *see also State v. Golden*, 10th Dist. Franklin No. 09AP-1004, 2010-Ohio-4438, ¶ 15.

**{¶ 32}** Potts's affidavit attests he was seated on a house porch on Cory Street the day Spence was shot. Potts denies Spence and Hill engaged in a verbal argument. Potts observed an unidentified black male engage in conversation with Spence and Hill. Potts then heard gunshots and saw Spence fall to the ground. Everyone in the area "took off running" and Potts left the porch. Potts did not

observe Hill holding a gun. Potts does not know the name of the person who shot Spence.

{¶ 33} The purported new evidence presented by Potts was discoverable from the time Spence was shot in June 2011. According to his affidavit, Potts did not come forward with his testimony because he was unaware of Hill's prosecution for the murder. If Hill or his defense team had investigated earlier, Potts could have been discovered and his version of the events revealed. There has been no suggestion that Potts was unavailable from the time of the shooting until the time he provided his affidavit — a gap of seven years — or any explanation as to why Hill was unavoidably prevented from discovering that Potts was a witness to the shooting. *See State v. Townsend*, 10th Dist. Franklin No. 08AP-371, 2008-Ohio-6518, ¶ 10 (petitioner failed to provide an explanation as to how he or his trial counsel were unavoidably prevented from investigating and discovering that two men — one of whom was the petitioner's brother — allegedly witnessed the shooting that resulted in the petitioner's trial and imprisonment).

{¶ 34} Because no evidence has been presented to show that Hill, with due diligence, could not have learned of Potts's testimony, Hill has not established unavoidable delay in obtaining Potts's affidavit. Accordingly, we cannot say that the trial court abused its discretion when it denied Hill's 2018 motion for leave regarding Potts's affidavit.

### 3. Myles McCollum

{¶ 35} Hill argues that McCollum's two affidavits stating McCollum observed Hill, without a weapon, flee the scene at the same time gunshots were heard "should be considered cumulatively" with the Taylor and Potts affidavits. Hill also contends McCollum's affidavits raise a *Brady* violation that should be reviewed under Crim.R. 33(A)(1) or (2). The state counters that the McCollum affidavits are not newly discovered evidence and are barred by res judicata because Hill raised the claim of a *Brady* allegation in his prior 2014 appeal.

{¶ 36} "Res judicata bars all subsequent new trial motions that are based on claims that were brought or could have been brought on direct appeal or in prior motions filed under Crim.R. 33." *State v. Williamson*, 8th Dist. Cuyahoga Nos. 107117, 107162, and 107916, 2019-Ohio-1985, ¶ 14. To overcome res judicata, the appellant must provide cogent, material evidence that was not contained in the record on appeal. *State v. Shabazz*, 8th Dist. Cuyahoga No. 94738, 2010-Ohio-5789, ¶ 6. Additionally, the new evidence must have been unavailable to the petitioner at the time of trial or his direct appeal. *Id.*

{¶ 37} In Hill's 2014 appeal decided in *Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, Hill argued (1) a *Brady* violation by stating "the prosecuting attorney 'knowingly withheld evidence and used false and misleading evidence and/or false and misleading testimony to obtain defendant's conviction,' and [(2)] that he was unavoidably prevented from obtaining the exculpatory statement of witness McCollum." *Hill* at ¶ 7. McCollum's 2014 affidavit was presented in

conjunction with his 2014 appeal. We determined the record did not establish Hill lacked knowledge of McCollum's statements or that he could not have discovered them with reasonable diligence and, as a result, we affirmed the trial court's denial of Hill's 2014 pro se motion for leave. *Id.* at ¶ 12.

{¶ 38} Hill now argues this court previously addressed McCollum's affidavit as newly discovered evidence under Crim.R. 33(A)(6), but it did not review the testimony as supporting an irregularity in the proceedings or misconduct of the prosecuting attorney as allowed under Crim.R. 33(A)(1) or (2), respectively. Hill argues he is not barred from raising a *Brady* violation because "the argument presented has not before been presented, the evidence is material and undermines faith in the conviction." (Appellant's brief at 18.)

{¶ 39} "'[P]rinciples of res judicata prevent relief on successive, similar motions raising issues which were *or could have been raised originally.*'" (Emphasis added.) *State v. Mack*, 8th Dist. Cuyahoga No. 101261, 2018-Ohio-301, ¶ 15, quoting *Coulson v. Coulson*, 5 Ohio St.3d 12, 13, 448 N.E.2d 809 (1983). Any arguments regarding McCollum's affidavit testimony and *Brady* violations were available in 2014 — regardless of whether the arguments were presented under Crim.R. 33(A)(1), (2), or (6) — and could have been raised at that time. As a result, Hill's current claims regarding McCollum's second affidavit as well as a *Brady* violation were brought or could have been brought in Hill's 2014 appeal and are barred by res judicata. *State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 26.

{¶ 40} Notwithstanding the application of res judicata, Hill also failed to satisfy his burden of proving that he was unavoidably prevented from discovering the alleged new evidence contained in McCollum's 2018 affidavit. McCollum and Hill were incarcerated at the same time at Lorain Correctional Institution in April 2014 when Hill obtained McCollum's 2014 affidavit. Hill offered no explanation as to why he was unavoidably prevented from discovering the additional facts offered in McCollum's 2018 affidavit. The record supports the finding that Hill was not unavoidably prevented from discovering the information contained in McCollum's 2018 affidavit and that McCollum's affidavits and the *Brady* allegation are barred by res judicata.

{¶ 41} We cannot find the trial court abused its discretion when it denied Hill's motion for leave based upon the affidavit testimony of Taylor, Potts, and McCollum. Accordingly, we find that Hill's first assignment of error lacks merit and is overruled.

## B. Motion for new trial – newly discovered evidence

{¶ 42} In his second assignment of error, Hill argues that the trial court erred in failing to grant a new trial on the grounds of newly discovered evidence — the affidavit testimony of Taylor, Potts and McCollum.

{¶ 43} Hill's arguments are misguided. Hill's appeal is based upon the trial court's denial of his 2018 motion for leave — not a motion for new trial. Upon the filing of a motion for leave to file a delayed motion for new trial due to the discovery of new evidence — which is the motion on appeal — the trial court must find clear

and convincing evidence that the movant was unavoidably prevented from discovering the evidence. Crim.R. 33(B).

{¶ 44} The merits of a motion for new trial are reviewed after the movant establishes unavoidable delay and reasonableness of time and the court grants the motion for leave. *State v. Johnson*, 8th Dist. Cuyahoga No. 105729, 2018-Ohio-175, ¶ 7; *State v. Stansberry*, 8th Dist. Cuyahoga No. 71004, 1997 Ohio App. LEXIS 4561, 9 (Oct. 9, 1997).

{¶ 45} Because we are upholding the trial court's judgment denying Hill's 2018 motion for leave, we summarily overrule Hill's second assignment of error.

## C. Motion for new trial – *Brady* violation

{¶ 46} In his third assignment of error, Hill argues that the trial court erred in failing to grant a new trial because McCollum's cumulative affidavit testimony supports a *Brady* violation and the merits of Hill's alleged *Brady* violation have not been previously decided by this court.

{¶ 47} The issue before the trial court was not whether a *Brady* violation occurred, but whether Hill demonstrated by clear and convincing evidence that he was unavoidably prevented from discovering the alleged *Brady* violation either during trial or within 120 days after the verdict was rendered. *State v. Phillips*, 2017-Ohio-7164, 95 N.E.3d 1017, ¶ 23 (8th Dist.). Once the trial court determined the movant met these statutory requirements — that he was unavoidably prevented from discovering the potential *Brady* violation within 120 days of the verdict and filed his motion for leave within a reasonable time following that discovery — Hill's

2018 motion for leave would have been granted and he could have filed his motion for new trial. *Id.* When addressing the motion for new trial, the merits of whether a *Brady* violation existed would have been addressed. *Id.*

{¶ 48} However, this court found in *Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, that Hill was not unavoidably prevented from filing a motion for new trial within the statutory time frame on his alleged *Brady* claim. Because this issue has been previously determined by this court, Hill's third assignment of error is barred by res judicata. *State v. Gray*, 8th Dist. Cuyahoga No. 84677, 2004-Ohio-7030, ¶ 9.

### D. Hearing on motion for leave

{¶ 49} In his fourth assignment of error, Hill argues that the trial court abused its discretion when it failed to grant a hearing on his 2018 motion for leave because Crim.R. 33 requires a hearing on such a motion. The state challenges that a hearing on a motion for leave is not required but discretionary.

{¶ 50} The decision to hold a hearing on a movant's leave to file a delayed motion for new trial is discretionary, not mandatory, and is made at the trial court's discretion. *Phillips*, 2017-Ohio-7164, 95 N.E.3d 1017, at ¶ 19. An appellate court will not overrule a trial court's decision to deny a hearing on a motion for leave to file a delayed motion for new trial unless that decision is found unreasonable, arbitrary, or unconscionable. *Id.* at ¶ 21.

{¶ 51} Where an appellant fails to establish he was unavoidably prevented from discovering the proffered evidence relied upon in his motion for leave or that

his motion for leave was timely filed, the trial court is not required to hold a hearing. *State v. Sutton*, 2016-Ohio-7612, 73 N.E.3d 981, ¶ 25 (8th Dist.).

{¶ 52} Here, the evidence fails to support Hill's claims that he was unavoidably prevented from timely discovering the affidavits of Taylor, Potts, and McCollum and that those affidavits were filed within a reasonable time after discovery of the evidence.  As a result, the court acted within its discretion when it denied a hearing on Hill's 2018 motion for leave.

{¶ 53} We find no abuse of discretion occurred when the trial court failed to hold a hearing on Hill's 2018 motion for leave, and therefore, Hill's fourth assignment of error is overruled.

{¶ 54} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR