[Cite as *State v. Houston*, 2022-Ohio-1660.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                              No. 108156

    v. :

CARDELL D. HOUSTON, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 17, 2022

Cuyahoga County Court of Common Pleas
Case No. CR-16-611762-A
Application for Reopening
Motion No. 553971

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecutor, and
Gregory Ochocki, Assistant Prosecutor, *for appellee.*

G. Michael Goins, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} On April 8, 2022, the applicant, Cardell D. Houston ("Houston"),

pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d

1204 (1992), applied to reopen this court's judgment in *State v. Houston,* 8th Dist.

Cuyahoga No. 108156, 2019-Ohio-4787. In that opinion, this court affirmed the denial of Houston's petition for postconviction relief without a hearing.[1] Houston now asserts that his appellate counsel should have argued (1) that his trial counsel was ineffective for not retaining a DNA expert to create a reasonable doubt whether Houston was the shooter, and (2) that there was insufficient evidence to support the verdict.[2] The state filed a brief in opposition on April 13, 2022. For the following reasons, this court denies the application to reopen.

{¶ 2} App.R. 26(B) provides in pertinent part:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of counsel. * * *

{¶ 3} However, the present application seeks to reopen the appeal involving a denial of a postconviction relief petition, which is not an appeal of the judgment of conviction and sentence. In *State v. Loomer,* 76 Ohio St.3d 398, 667

---

[1] In *State v. Houston,* Cuyahoga C.P. No. CR-16-611762-A, the trial judge found Houston guilty of murder. The evidence, including surveillance video, showed that a man, consistent with Houston's appearance, entered the rear of the victim's car and shot the victim several times. The man then exited the car, leaned into the passenger side while touching the top of the car, and shot the victim several more times. DNA testing from the top of the car showed that Houston was a major contributor to the DNA. Houston appealed his conviction in *State v. Houston,* 8th Dist. Cuyahoga Nos. 106470 and 106055, 2018-Ohio-3043. As noted above, Houston subsequently sought postconviction relief, which was denied without hearing.

[2] In Houston's direct appeal of his convictions, he raised six assignments of error, one of which was that the verdict was against the manifest weight of the evidence. *Houston,* 8th Dist. Cuyahoga Nos. 106470 and 106055, 2018-Ohio-3043. As noted, this court affirmed the convictions. In *State v. Krzywkowski,* 8th Dist. Cuyahoga No. 80392, 2003-Ohio-3209, this court rejected a similar argument to Houston's. Where appellate counsel did raise a manifest weight challenge, failure also to raise a sufficiency challenge does not violate any duty of counsel and does not result in prejudice to the defendant.

N.E.2d 1209 (1996), the Supreme Court of Ohio noted the difference between an appeal of a judgment of conviction and sentence and an appeal from a motion to dismiss, ruling no basis existed under App.R. 26(B) to reopen the appeal from a motion to dismiss. In *State v. Williams,* 8th Dist. Cuyahoga No. 85893, 2007-Ohio-998, this court held that App.R. 26(B) did not apply to an appeal from an adverse ruling on a petition for postconviction relief.

{¶ 4} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicants show good cause for filing at a later time. This court decided Case No. 108156 on November 21, 2019, more than two years and four months before the filing of the application. Thus, it is untimely on its face.

{¶ 5} In an effort to show good cause, Houston pleads that the various shutdowns and movement restrictions associated with the COVID-19 pandemic prevented him from doing library research or obtaining an attorney. This argument is unpersuasive because the 90-day limitation for filing the application expired on February 19, 2020, before the pandemic restrictions took effect. Furthermore, allegations of a "dead-bang winner" are not enough to show good cause for untimely filing. *State v. Howard,* 8th Dist. Cuyahoga No. 97695, 2016-Ohio-8298, and *State v. Jeffries,* 8th Dist. Cuyahoga No. 106889, 2019-Ohio-4255.

**{¶ 6}** Accordingly, this court denies the application.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR