[Cite as *State v. Houston*, 2023-Ohio-3888.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                    No. 112689

    v.                                  :

CARDELL HOUSTON,                        :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 26, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-16-611762-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, Gregory Ochocki, Assistant Prosecuting Attorney, *for appellee*.

G. Michael Goins and Lawrence R. Floyd, *for appellant*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, Cardell Houston, appeals the trial court's denial of his motion for leave to file a motion for a new trial. For the reasons that follow, we affirm.

{¶ 2} In 2016, Houston was charged with aggravated murder, pursuant to R.C. 2903.01(A)(1); two counts of murder, pursuant to R.C. 2903.02(A) and (B); two counts of felonious assault, pursuant to R.C. 2903.11(A)(1) and (2); and one count of having weapons while under disability, pursuant to R.C. 2923.13(A)(2). The aggravated murder, murder, and felonious assault charges had attendant one- and three-year firearm specifications. The case proceeded to a bench trial.

{¶ 3} At the conclusion of trial, the trial court found Houston not guilty of aggravated murder but guilty of two counts of murder and two counts of felonious assault. The court nolled the having weapons while under disability count. At sentencing, the trial court merged all four counts as allied offenses and the state elected to proceed to sentencing on the charge of murder, pursuant to R.C. 2903.11(A)(1). The court imposed a prison term of 15 years to life to be served consecutive to a three-year firearm specification. The court also ordered Houston's sentence for murder to be served consecutively to his sentences in four unrelated cases: Case Nos. CR-603783, CR-604546, CR-604979, and CR-607747.

{¶ 4} Houston appealed his conviction in this case and in Case No. CR-604546. As to this case, he argued, in part, that he received ineffective assistance of counsel based on the failure to object to the use of DNA technology.

{¶ 5} The following factual history was set forth in Houston's direct appeal:

On November 20, 2015, William Barnes, Jr. was shot and killed in his car on West 104th Street near Western Avenue in Cleveland, Ohio. Surveillance video from two nearby homes captured the incident and showed that at approximately 2:06 p.m. a blue Chevy Trailblazer appeared and parked on West 104th Street near Western Avenue.

Three minutes later Barnes appeared in a Hyundai Sonata and parked behind the Trailblazer. About one minute later a black male exited the Trailblazer and entered the front passenger seat of Barnes' vehicle. Just under two minutes later, a second black male exited the Trailblazer and entered the rear passenger seat of Barnes' automobile. Less than a minute thereafter flashes of light were visible inside the rear passenger compartment of the Sonata; the front passenger exited the vehicle and seconds later the right rear passenger exited the vehicle as well. The surveillance video showed that after exiting, the rear passenger placed his left hand on the roof of the Sonata just above the right rear passenger door while leaning with his right arm extended back into the passenger compartment of the vehicle. A neighbor witnessed the shooting and testified to seeing two shots fired through an open door of Barnes' vehicle from the passenger side of the vehicle. The posture of the right rear passenger in the video was consistent with this testimony. That passenger then turned to flee back to the Trailblazer and an object consistent with the appearance of a firearm could be seen in his right hand. Nine-millimeter shell casings were later recovered by police from both inside the Sonata and on the sidewalk near the passenger side of the vehicle.

The two persons fled in the Trailblazer and shortly thereafter Barnes' Sonata slowly rolled forward into a van parked in front of it. Neighbors who heard, and saw, part of the shooting called 911 and Barnes was found shot and hunched over in the driver seat of the Sonata. He was transported to MetroHealth hospital where he was ultimately pronounced dead.

An autopsy was performed, and Dr. Erica Armstrong testified that Barnes had sustained five gunshot wounds. Three gunshot wounds were to Barnes' back right shoulder, the upper portion of his back on the right side and his lower right back. Dr. Armstrong detailed the path of those gunshots as back to front and right to left through Barnes' body. The direction of these wounds was consistent with the state's theory at trial that Barnes was shot by the passenger in the right rear seat of his vehicle.

Investigating detectives swabbed the roof of Barnes' car where the surveillance video reflected the shooter touching the vehicle and the Cuyahoga County Medical Examiner's Office linked the major component of the mixture of DNA obtained from those swabs to Cardell Houston. A forensic scientist testified at trial that, to a reasonable degree of scientific certainty, in the absence of an identical

twin, Cardell Houston was the source of the major DNA component obtained from the roof of Barnes' car where the shooter had placed his hand.

*State v. Houston*, 8th Dist. Cuyahoga Nos. 106470 and 106055, 2018-Ohio-3043, ¶ 3-6. This court affirmed Houston's conviction and sentencing in this case but vacated his sentence in CR-604546. *Id.* at ¶ 7.

{¶ 6} In September 2018, Houston filed a postconviction petition claiming he was denied effective assistance of trial counsel based on his attorney's alleged failure to investigate scientific evidence, including DNA evidence. The trial court denied his petition without a hearing. Houston appealed the court's decision and this court affirmed, finding that his attorney's decision to rely on cross-examination of the state's DNA expert, rather than retaining its own DNA expert, is not ineffective assistance of counsel. *State v. Houston*, 8th Dist. Cuyahoga No. 108156, 2019-Ohio-4787, ¶ 13, citing *State v. Blevins*, 8th Dist. Cuyahoga No. 106115, 2018-Ohio-3583, citing *State v. Nicholas*, 66 Ohio St.3d 431, 613 N.E.2d 225 (1993).

{¶ 7} This court determined that Houston's claim — that his counsel was ineffective for failing to explore potential issues with DNA evidence — had already been rejected in his direct appeal and, further, Houston had failed to show prejudice. *Houston* 2019-Ohio-4787, at *id.*, citing *Houston*, 2018-Ohio-3043, at ¶ 22 and *Houston* 2019-Ohio-4787, at ¶ 14. The Ohio Supreme Court denied Houston's discretionary appeal. *State v. Houston*, 158 Ohio St. 3d 1436, 2020-Ohio-877, 141 N.E.3d 249. Houston filed an application to reopen his appeal, which this court denied. *State v. Houston*, 8th Dist. Cuyahoga No. 108156, 2022-Ohio-1660.

{¶ 8} On February 3, 2023, Houston moved for leave to file a motion for new trial pursuant to Crim.R. 33. Houston claimed that the state failed to disclose evidence favorable to him, in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Specifically, Houston argued that the state failed to turn over the disciplinary history of a nontestifying witness, former Cleveland Police Detective Rhonda Gray. In his motion for leave, Houston claimed the defense could have used Gray's disciplinary history to impeach her trial testimony.[1] In April 2023, the trial court denied Houston's motion without a hearing.

{¶ 9} Houston appealed and raises two assignments of error, which we combine for review:

> I. The trial court abused its discretion and violated appellant's due process rights, when it denied appellant's motion for leave, finding appellant failed to show by clear and convincing evidence he was unavoidably prevented from discovering the evidence that appellant introduced in his motion for new trial, when the evidence on its face demonstrated such unavoidableness.
>
> II. The trial court abused its discretion, when it denied appellant's motion for leave to file motion for new trial without conducting an evidentiary hearing as appellant submitted documentation that on its face supported appellant's claim that he was unavoidably prevented from discovering said evidence earlier.

{¶ 10} In his assignments of error, Houston claims that the trial court erred when it denied his motion for leave to file a motion for new trial because he was

---

[1] Gray was briefly mentioned by Detective Arthur Echols, the homicide detective who testified at trial. He testified that he and Gray were partners working the scene the day of the homicide and did some initial investigative work together, including interviewing witnesses, viewing a surveillance video, and collecting evidence from the victim's car.

unavoidably prevented from timely discovering the evidence that was the basis of his motion for a new trial. He also claims that the trial court should have held a hearing on his motion because he submitted documentation to support his claim.

{¶ 11} We review the denial of a motion for leave to file a delayed motion for new trial for an abuse of discretion. *State v. Hill*, 8th Dist. Cuyahoga No. 108250, 2020-Ohio-102, ¶ 13, citing *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 12} Crim.R. 33 provides that a new trial may be granted on motion of the defendant where new evidence materially affects the defendant's substantial rights and satisfies the following:

> When new evidence material to the defense is discovered[,] which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

Crim.R. 33(A)(6).

{¶ 13} A Crim.R. 33(A)(6) motion for new trial on the ground of newly discovered evidence may be granted only if that evidence

"(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence."

*State v. Gilbert*, 8th Dist. Cuyahoga No. 106358, 2018-Ohio-3789, ¶ 24, quoting *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus.

{¶ 14} A motion for new trial based on newly discovered evidence must be filed within 120 days after a verdict is rendered. Crim.R. 33(B). A defendant who fails to file a motion for new trial within the prescribed timeframe must seek leave from the trial court to file a delayed motion for new trial. *State v. Walker*, 8th Dist. Cuyahoga No. 112142, 2023-Ohio-2689, ¶ 13, citing *State v. Hale*, 8th Dist. Cuyahoga No. 107782, 2019-Ohio-1890. To obtain leave, Crim.R. 33(B) requires that the defendant must demonstrate clear and convincing proof that the defendant was unavoidably prevented from filing the motion for a new trial. *Walker* at *id*.

{¶ 15} Clear and convincing proof "'is that measure or degree of proof [that] is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" * * * and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Gray*, 8th Dist. Cuyahoga No. 107394, 2019-Ohio-1638, ¶ 12, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 16} Houston was convicted in 2017 and filed his motion for leave in February 2023, well beyond Crim.R. 33(B)'s 120-day time limit. Therefore, Houston must establish, by clear and convincing evidence, that he was "'unavoidably prevented from the discovery of the evidence upon which he must rely.'" *State v. Bethel*, 167 Ohio St.3d 362, 2022-Ohio-783, 192 N.E.3d 470, ¶ 53, quoting Crim.R. 33(B).

{¶ 17} As mentioned, Houston's motion for a new trial alleged a *Brady* violation. The motion for leave was supported by the February 2023 affidavits of attorneys Lawrence Floyd and G. Michael Goins. In his affidavit, attorney Floyd states he contacted the Cuyahoga County Prosecutor's Office in January 2023 and was advised of the office's policy not to produce discovery for postconviction inquiries. Attorney Goins's affidavit states he made a "great effort and numerous attempts," but was unsuccessful in contacting Houston's trial counsel. A copy of what appears to be Gray's disciplinary file with the Cleveland Police is also attached to the motion for leave.

{¶ 18} Neither the motion, nor the attorneys' affidavits, state when Houston obtained the documents regarding Gray or how they came into his possession. Neither the motion, nor the supporting documentation, address what diligence Houston exercised in obtaining the documents. The affidavits do not address whether Houston had any knowledge of Gray's disciplinary history at the time of trial, nor do they address whether Houston could have learned of those matters

within the time provided by Crim.R. 33(B). In fact, the attorneys' affidavits do not mention Gray or the disciplinary file at all.

{¶ 19} Houston's Crim.R. 33 motion accuses the state of suppressing evidence; however, his accusations are not supported by any facts in the record or by his affidavit. Houston's unsupported claims of suppression are not evidence. *See State v. Frazier*, 73 Ohio St.3d 323, 338, 652 N.E.2d 1000 (1995). Thus, we find that the motion and supporting documentation fail to show, by clear and convincing evidence, that Houston was unavoidably prevented from discovering the "evidence" in a timely manner.

{¶ 20} Moreover, even if Houston was able to show that he was unavoidably delayed in the discovery of the evidence, he has not demonstrated that the newly discovered evidence was material to whether he committed the underlying crimes. He has not demonstrated that his rights were substantially affected by the non-disclosure of this information, nor has he shown that the outcome of his trial would have been different had the state turned over Gray's file. Gray did not testify at Houston's trial. The documentation Houston submitted regarding Gray does not concern or even mention the crimes that Houston was involved in. Houston has presented no evidence, or even a suggestion, that Gray acted improperly when investigating his case.

{¶ 21} Therefore, we find that the trial court did not abuse its discretion in denying Houston's motion for leave to file a motion for a new trial.

{¶ 22} The trial court also did not abuse its discretion in deciding not to hold a hearing on Houston's motion. A movant is entitled to a hearing only if he or she submits "documents that on their face support his claim that he [or she] was unavoidably prevented from timely discovering the evidence" at issue. *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 14, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). Houston has failed to support his claim of a *Brady* violation with any relevant evidentiary material; therefore, the trial court did not abuse its discretion when it denied his motion without a hearing.

{¶ 23} The first and second assignments of error are overruled.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
SEAN C. GALLAGHER, J., CONCUR